The plaintiff claimed title under a sale by the sheriff of Hyde, under avenditioni, founded upon a Justice's judgment, and a levy upon the premises in question by a constable. The levy made by the constable, and endorsed on the execution in his hands, was as follows: *Page 449 
"This day levied on Silvester G. Swindell's right and title of land that he inherited by Jackson Swindell, dec'd, this March 24th, 1849." (Signed.)
After the sale of the land levied on, and after the commencement of this action, to wit, at May Term 1854, the County Court of Hyde granted leave to the constable to amend his levy nunc pro tunc, which was accordingly done, so as to be as follows:
"This day levied on Silvester G. Swindell's right in a tract of land adjoining Fabius D. Gibbs, and Festus A. Gibbs, on Wysocking creek, March 24th, 1849." (Signed.)
It was contended by the defendant's counsel that the original levy was defective, and did not authorize the proceedings had upon it, and that the amendment exceeded the power of the County Court, and was therefore void. His Honor being of this opinion, the plaintiff took a non suit, and appealed to this Court.
The amendment in this case was allowed after the sale under a venditioniexponas, and the County Court had no power to make it, as was expressly decided by this Court at the last Term, at Morganton, in the case of PHILLIPSE v. HIGDON, Busb. Rep. 380. The judgment of non-suit was proper, and must be affirmed.
PER CURIAM. Judgment affirmed. *Page 451